IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ADRIEL NOEL MANN, SR., | : | |
| Plaintiff, | : | |
| VS. | : | 7:22-CV-129 (WLS) |
| TANGIE MORRISON, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, proceeding *pro se*, filed the above-styled action pursuant to 42 U.S.C. § 1983 on November 18, 2022. (Doc. 1). Currently before the Court are the responses of Defendant Ward and the Plaintiff to the Court's Order to Show Cause issued July 13, 2023. (Docs. 22, 33).

**Procedural Background**

Because Plaintiff is not proceeding *in forma pauperis* and the Court found that Plaintiff made colorable constitutional violation claims, Plaintiff was ordered to serve six Defendants. The Clerk of Court provided Plaintiff with a Rule 4 Service Package, and summonses were issued as to the Defendants. (Doc. 3, pp. 17-18; Clerk's Entries, Mar. 7 & 21, 2023; Doc. 6). Plaintiff eventually filed documents purporting to show that service was effected as to Defendant Ward. (Doc. 17).

Plaintiff's filed service documents showed Defendant Ward was served on May 28, 2023, making his responsive pleading due on June 19, 2023. *Id.* On July 13, 2023, because Defendant Ward had yet to file a responsive pleading, the Court ordered him to show cause as to why default should not be entered against him. (Doc. 19). On July 19, 2023, Defendant Ward filed an Answer to Plaintiff's Complaint. (Doc. 21). Defendant Ward then filed a response to this Court's Order to Show Cause, contending he was served on *June* 28, 2023, placing his deadline on July 19, 2023, and thereby making his Answer timely. (Doc. 22).

In his response, Defendant Ward points out that the process server's affidavit indicates there was a failed attempt to perfect service on June 23, 2023. (Doc. 17). Defendant Ward argues this inconsistency proves there is a typo in the affidavit, and that service was not actually perfected until June 28, 2023. (Doc. 22). In further support of this allegation, Defendant Ward provides an unsworn letter from the State Board of Pardons and Paroles, indicating it received service on behalf of Defendant Ward on June 28, 2023. (Doc. 22-1).

Given the ambiguities in the process server's affidavit, Plaintiff was afforded an opportunity to respond to Defendant Ward's claims. (Doc. 23). Plaintiff contends the failed attempt at personal service on June 23 was the actual typo, and that personal service was, in fact, achieved on May 28. (Doc. 33). Defendant Ward did not file a reply to Plaintiff's response.

## Discussion

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a party who is in default may seek to have that default set aside upon a showing of "good cause." *Id.* at (c).

Since this Court's Order providing Plaintiff an opportunity to respond (Doc. 23), the parties have provided no new, persuasive evidence useful in determining whether Defendant Ward was served on May 28 or June 28. However, the Court finds that, even if this factual dispute was resolved in Plaintiff's favor, there is sufficient evidence in the record to show that default should be set aside for good cause under Rule 55(c). Accordingly, the Court proceeds with the following analysis, assuming without deciding that Defendant Ward was in default when he filed his Answer.[1]

---

[1] Default may be set aside "even [when] there has not been a formal entry of default." *Perez v. Wells Fargo N.A.*,

2

Defaults and default judgments are generally disfavored by the courts "because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). In determining whether default should be set aside for good cause, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "[T]hese factors are not 'talismanic,' and [] courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.*

Defendant Ward's responsiveness since the filing of his Answer precludes any finding that default was willful or culpable. When this Court ordered Defendant Ward to show cause for his delayed Answer, he filed a response well within the time allotted by the Court. (Docs. 19, 22). Defendant Ward further demonstrated good faith by promptly responding to this Court's request for a waiver of service, effectively waiving any service defenses raised in his initial Answer. (Docs. 25, 32). Thus, even if Defendant Ward's Answer was untimely, he has acted promptly to resolve the question of default and made a good faith effort to participate in this litigation.

Additionally, the Court notes there is no evidence to suggest setting aside default would prejudice Plaintiff. Even if a default was entered against Defendant Ward, Plaintiff would still have to litigate his claims against five other Defendants. These other Defendants share counsel with Defendant Ward and are raising similar defenses. (Docs. 20, 21). While it is true that an entry

---

774 F.3d 1329, 1337 (11th Cir. 2014) (quoting 10A Wright & Miller, § 2692 at 85) (alteration in original); *see also Joe Hand Promotions, Inc. v. Allen*, 2018 WL 5087233, at *1 (N.D.Ga. Oct. 18, 2018) (denying a motion for entry of a default because "even had [default] been entered, the Court would have set it aside for good cause").

3

of default could lead Plaintiff to relief, "there is no prejudice in requiring a plaintiff to prove his or her case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). Plaintiff will not be prejudiced by having to pursue relief on the merits against six, rather than five Defendants.

Finally, the existence of a contested fact question regarding the date of service weighs in favor of finding good cause to set aside default. Either Defendant Ward and his counsel are correct as to the actual date of service and filed a timely response, or they made an excusable error as to when filings were due and promptly sought to correct that error. In either scenario, there is no evidence to demonstrate that Defendant Ward's conduct constitutes "intentional or reckless disregard for the judicial proceedings." *Compania Interamericana Exp.-Imp.*, 88 F.3d at 951-52.

Having considered the relevant factors, the Court finds Defendant Ward has shown good cause to set aside any potential default. Accordingly, the Court accepts Defendant Ward's previously filed Answer. (Doc. 21). As all Defendants have now waived service and filed Answers, the case shall proceed according to the dictates of the Court's March 6, 2023 Order. (Doc. 3).

**SO ORDERED,** this 7th day of September, 2023.

> s/ ***THOMAS Q. LANGSTAFF***
> UNITED STATES MAGISTRATE JUDGE